IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHAD B. DICKSON,** | : | CIVIL NO. 1:CV-09-0195 |
| **Plaintiff,** | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **JAMES McGRADY, et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

On January 30, 2009, Chad B. Dickson ("Dickson"), an inmate at the State Correctional Institution at Retreat (SCI-Retreat), Pennsylvania, filed this civil rights action naming as defendants James McGrady, the Superintendent at SCI-Retreat, as well as seven (7) correctional officers employed there. (Doc. No. 1.) Dickson seeks to proceed in forma pauperis. (Doc. No. 2.) Obligatory preliminary screening reveals that the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, for the reasons set forth below, prior to dismissal, Dickson will be afforded the opportunity to amend his complaint.

**I.    Allegations of the Complaint**

Dickson alleges that Defendant Miller confiscated several of his legal papers, including his legal discovery packet from a trial held in Cambria County on March 12 and 13, 2008. He claims that Miller refuses to return the papers. In addition, on many occasions, Miller also instructed Defendants Hall, Novack and Lanning to conduct searches of Dickson's cell to confiscate other legal documents Miller desired. The documents were thereafter given to Defendant Miller, who has refused to return them to Dickson.

Dickson further contends that every time he would send legal papers to the law library to be photocopied, Defendant Burns would give them to Defendant Miller. Plaintiff alleges that not

only was there a delay in the return of the photocopied material to him, but also that not all of the documents would be returned.  Although Dickson informed Defendant McGrady of the above acts and filed grievances about how Defendants were ". . . interfering [with his] ongoing legal case and trial that [he] held," McGrady agreed with the Defendants.   (Doc. No. 1, Compl. at 2.) Plaintiff now files the instant civil rights action pursuant to 42 U.S.C. § 1983 alleging the denial of access to the courts.   As relief he seeks the return of his legal papers and compensatory damages.

**II.      Discussion**

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted. . . ." 28 U.S.C. § 1915(e)(2)(B)(ii).  The applicable standard of review for the failure to state a claim provision is the same as the standard for a 12(b)(6) motion.  Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002).  A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend.  Id. at 106.

Inmates have the right to adequate, effective, and meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 828 (1977).  However, in order to state a claim for a denial of the right of access to the courts, a plaintiff must show actual injury.  Lewis v. Casey, 518 U.S. 343, 355 (1996).  The plaintiff must show that, as a result of the defendant's actions, he lost the ability to present an "arguably actionable claim" against the validity of his sentence under direct or collateral appeal or a claim challenging his conditions of confinement in a civil rights action. Id. at 356.

Plaintiff has not alleged that he was unable to pursue an "arguably actionable claim" as a result of Defendants' actions. He simply alleges that Defendants confiscated some of his legal materials, and failed to return them all. This is clearly insufficient to state a denial of access to the courts claim. However, Dickson will be given the opportunity to amend his complaint. Failure to amend within the allotted time will result in dismissal of the complaint.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHAD B. DICKSON,** | : | CIVIL NO. 1:CV-09-0195 |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **JAMES McGRADY, et al.,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, this 17th day of February, 2009, upon consideration of Plaintiff's complaint (Doc. No. 1), and the application to proceed in forma pauperis (Doc. No. 2), **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's application to proceed in forma pauperis (Doc. No. 2) is construed as a motion to proceed without full prepayment of fees and costs and is **GRANTED**.

2. Plaintiff shall file an amended complaint within fifteen (15) days from the date of this order in accordance with the attached memorandum. The amended complaint shall carry the same civil docket number (1:09-CV-0195) presently assigned to this matter.

3. The amended complaint shall be a short, plain, and concise statement of the claim and shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. See Fed. R. Civ. P. 8(e)(1).

4. Failure to file an amended complaint within the allotted time will result in the dismissal of the original complaint (Doc. No. 1) pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania