IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAD B. DICKSON, | : | CIVIL NO. 1:CV-09-0195 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| JAMES McGRADY, et al., | : | |
| Defendants | : | |

## M E M O R A N D U M

Chad B. Dickson ("Dickson"), an inmate confined at the State Correctional Institution at Retreat ("SCI-Retreat"), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter proceeds on the original complaint and a supplement thereto. (Doc. Nos. 1, 9.) Named as Defendants are James McGrady, Superintendent at SCI-Retreat, and seven additional SCI-Retreat employees.[1] In the complaint, Dickson sets forth allegations of denial of access to the courts, and retaliation in the form of intrusive cell searches and the issuance of false misconduct charges. Presently before the Court for consideration are Plaintiff's motion for default judgment (Doc. No. 21), motions for temporary restraining order/preliminary injunction (Doc. Nos. 24, 35)[2] and motion for appointment of counsel (Doc. No. 26).

**I.    Background**

In the complaint Dickson alleges that Defendant Miller confiscated his legal papers, which included his legal discovery packet regarding a trial held in Cambria County, Pennsylvania on March 12 and 13, 2008. He claims that Dickson held the papers which were to

---

[1] These Defendants consist of Captain Miller, Correctional Officers Miller, Lanning, Hall, Novak and Sweeney, Sergeant Burns and Lieutenant Pall.

[2] The motions for temporary restraining order/preliminary injunction will be deemed withdrawn due to Plaintiff's failure to file supporting briefs. See M.D. Pa. L.R. 7.5.

be used as evidence in his pro se trial, thereby interfering with his legal matters. Dickson maintains that Miller also gave orders to Defendant Hall to conduct cell searches to remove specific legal papers. (Doc. No. 1, Compl. at 2.) The confiscated papers were thereafter given to Defendants Miller and Pall. Dickson also alleges that Defendants Pall, Sweeney, Novak and Lanning confiscated his legal papers, which included his discovery material, and provided them to Defendant Miller. (Id.)

Dickson further claims that every time he would send documents to the law library to be photocopied, Defendant Burns would provide the documents to Miller. Although the papers would be returned to him, it would not be for 24 to 72 hours later, and some of the papers would be missing. Dickson claims that all of the above incidents interfered with his legal research and his attempts to present his trial in Cambria County. (Id. at 3.) He alleges that due to Defendants' actions, he was unable to present an adequate defense and was convicted and sentenced to a term of incarceration. (Doc. 9, Suppl. Compl. at 1.)

Dickson states that when he complained to Defendants about the above matters, they retaliated against him by conducting frequent intrusive cell searches, and the further confiscation of his papers. He also contends that he was issued several false misconduct reports for the sole purpose of keeping him housed in the Restricted Housing Unit. (Id.) Plaintiff requests both injunctive and compensatory relief.

## II. Discussion

### A. Motion for Default

Without unnecessary elaboration, Plaintiff's motion for default will be denied. Plaintiff believes Defendants are in default because they did not file a timely answer/pleading to his

2

complaint. According to the docket in this matter, the original complaint was filed on January 30, 2009. Thereafter, on February 17, 2009, pursuant to the initial screening of the complaint, the Court directed that an amended complaint be submitted in this action. (Doc. No. 8.) On February 27, 2009, a document entitled "Amended Complaint/Concise Statement" (Doc. No. 9) was filed by Plaintiff. On March 2, 2009, the Court construed this document to be a supplement to the original complaint, and found the standing complaint in this action to consist of Documents 1 and 9. (Doc. No. 10.) Service of the standing complaint was also directed.

On April 6, 2009, a Waiver of Service of Summons was filed on behalf of all of the Defendants. (Doc. No. 13.) Pursuant to the Waiver, an answer or motion under Fed. R. Civ. P. 12 was due 60 days after March 19, 2009, the date the request for waivers was sent. On May 1, 2009, Defendants filed a motion to dismiss the complaint. (Doc. No. 15.) Plaintiff appears to contend that because an answer to the complaint was not filed, Defendants are in default. Pursuant to Fed. R. Civ. P. 55(a), a party can only be held in default when they have failed to plead <u>or otherwise defend</u>. Defendants timely filed a motion to dismiss Plaintiff's complaint on May 1, 2009. As such, it is clear that they are not in default, and Plaintiff's motion for entry of default is without merit.

### B. Motion for Counsel

Plaintiff moves for the appointment of counsel in this action. (Doc. No. 26.) In support of his request he claims that he (1) does not have the assistance of a jailhouse lawyer; (2) is not experienced in the law; (3) is unable to afford a lawyer; and (4) will be at risk in this action if counsel is not appointed to correct the constitutional violations that have taken place.

Although prisoners have no constitutional or statutory rights to appointment of counsel in

3

a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. For purposes of this motion, the Court will assume that Dickson's case has arguable merit in law and the facts.

Next, upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and

6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

Dickson's motion fails to set forth any special circumstances or factors that would

warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. The pleadings submitted thus far do not contain complicated legal issues. Dickson is clearly able to litigate this action on his own as evidenced by the docket in this case. He has both filed and opposed motions, including his submission of opposing documents to Defendants' motion to dismiss presently pending in this matter.[3] (Doc. No. 15.) Further, while he argues he does not have much legal knowledge, Plaintiff sets forth legal argument and citation to relevant case law, thus clearly demonstrating his access to legal resources, and the ability to understand and present such authority. It cannot be said, at least at this point, that Dickson will suffer substantial prejudice if he is required to proceed with the prosecution of his case on his own. This Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Dickson's apparent ability to litigate this action, weigh against the appointment of counsel. His pending motion will be denied. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a motion properly filed by Dickson. An appropriate Order follows.

---

[3] The motion to dismiss will be addressed by the Court in a separate Memorandum and Order.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAD B. DICKSON, | : | CIVIL NO. 1:CV-09-0195 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| JAMES McGRADY, et al., | : | |
| Defendants | : | |

## ORDER

**AND NOW,** this 11th day of January, 2010, in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for default judgment (Doc. No. 21) is **denied**.

2. Plaintiff's motions for temporary restraining order/preliminary injunction (Doc. Nos. 24, 35) are **deemed withdrawn** for failure to file supporting briefs. See M.D. Pa. L.R. 7.5.

3. Plaintiff's motion for appointment of counsel (Doc. No. 26) is **denied without prejudice**.

                                              S/ Yvette Kane
                                              YVETTE KANE, Chief Judge
                                              Middle District of Pennsylvania