# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAD B. DICKSON, | : | CIVIL NO. 1:CV-09-0195 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| JAMES McGRADY, et al., | : | |
| Defendants | : | |

## <u>M E M O R A N D U M</u>

Chad B. Dickson ("Dickson") filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 30, 2009. The matter proceeds on the original complaint and a supplement thereto. (Doc. Nos. 1, 9.) Named as Defendants are James McGrady, Superintendent at SCI-Retreat, and seven additional SCI-Retreat employees.[1] In the complaint, Dickson set forth allegations of denial of access to the courts, retaliation in the form of intrusive cell searches, and the issuance of false misconduct charges. Presently pending are Plaintiff's motion to amend the original complaint (Doc. No. 42), motion to add defendants (Doc. No. 43), and motions for reconsideration of the March 30, 2010 Memorandum and Order issued granting in part and denying in part Defendants' motion to dismiss (Doc. Nos. 44, 46). Also pending is Plaintiff's "Motion for an Order on the issue of civilian dress suit." (Doc. No. 60.) These motions will now be addressed by the Court.

## I.    Background

In the complaint Dickson alleges that Defendant Miller confiscated his legal papers, including a legal discovery packet, relevant to his criminal trial held in Cambria County,

---

[1] These Defendants are Correctional Officers Miller, Lanning, Hall, Novak and Sweeney, Sergeant Burns and Lieutenant Pall.

Pennsylvania, on March 12 and 13, 2008. Miller is alleged to have engaged in this activity because he is a party in the Cambria County case. Dickson states that because of Miller's actions he was unable to use the confiscated papers as evidence in his pro se trial. Dickson further alleges that Miller gave orders to Defendant Hall to conduct cell searches to remove specific legal papers. (Doc. No. 1, Compl. at 2.) The confiscated papers were thereafter given to Defendants Miller and Pall. Defendants Pall, Sweeney, Novak and Lanning are also alleged to have confiscated Dickson's legal papers, and to have provided them to Miller. (Id.)

Plaintiff further claims that every time he sent documents to the law library for copying, Defendant Burns would provide the documents to Miller. It would take 24-72 hours for the papers to be returned to him, and some of the papers would be missing. Plaintiff claims that Defendant Lanning had a large black trash bag filled with his legal work, papers and discovery from his Cambria County trial, and that he wrote a confiscation slip that referenced some of these legal documents.

Based on the foregoing, Dickson claims that Defendants' actions interfered with his legal research and his attempts to litigate his trial in Cambria County. (Id. at 3.) As a result, he alleges he was unable to present an adequate defense, and was convicted and sentenced to a term of incarceration. (Doc. 9, Suppl. Compl. at 1.) He also claims that he was unable to file legal actions and complaints. (Id.) When he complained to Defendants about these matters, they retaliated against him by conducting frequent intrusive cell searches, and confiscating his papers. He also contends that he was issued several false misconduct reports for the sole purpose of keeping him housed in the Restricted Housing Unit. (Id.) Plaintiff requests both injunctive and compensatory relief.

On March 30, 2010, the Court issued a Memorandum and Order granting in part and denying in part Defendants' motion to dismiss the complaint. (Doc. No. 40.) Following resolution of the motion, Defendant McGrady was dismissed from the action on the basis of lack of personal involvement. In addition, all claims set forth against the remaining Defendants were dismissed with the exception of the access to the courts claim involving the confiscation of Plaintiff's legal papers which allegedly prevented him from litigating his Cambria County criminal case. Following the issuance of the March 30, 2010 Memorandum and Order, Defendants filed an answer to the complaint. On April 26, 2010, Plaintiff filed a "Traverse" to Defendants' answer.[2]

## II. Discussion

### A. Motions for Reconsideration

On April 19, 2010, Plaintiff filed a motion seeking reconsideration of this Court's Memorandum and Order of March 30, 2010. (Doc. No. 44.) Although he did not submit a separate brief in support of the motion, the Court will liberally construe his motion to also include his supporting brief in that the document submitted includes legal argument and citation to pertinent authority.[3] Plaintiff has filed two (2) motions seeking reconsideration of this Court's Memorandum and Order of March 30, 2010. On May 27, 2010, Plaintiff submitted a document that Defendants believe to be an untimely second motion seeking reconsideration of the March

---

[2] Plaintiff's "Traverse" to Defendants' answer is construed to be a reply to the answer to the complaint. The Clerk of Court will be directed to strike Plaintiff's filing and return it to him. A reply to the answer is not an appropriate pleading in this matter pursuant to Fed. R. Civ. P. 7(a) in that Defendants' answer does not contain any counterclaims.

[3] In the interests of justice to this pro se litigant, the Court will construe his filings liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

30, 2010 decision. (Doc. No. 56.) However, in reviewing the document it appears to be Plaintiff's attempt to submit a separate "full brief" in support of his earlier motion. The Court will construe both documents to be the motion and brief in support of reconsideration.

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996)(quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Dickson fails to demonstrate any of the applicable grounds for reconsideration. He has not filed his motion for reconsideration to set forth an intervening change in law, present new evidence, or argue the existence of a clear error of law or fact. Rather, he simply restates arguments previously advanced that have already been considered and rejected by the Court. For example, he insists that he is able to recover monetary damages against Defendants in their official capacities, that Defendant McGrady was personally involved in the claims set forth, and that he does have a basis for a retaliation claim. However in support of his position, he advances arguments addressed and rejected by this Court. Further, while he claims that he is able to sue Defendants in their individual capacities, this point has not been disputed by the Court. While Plaintiff may disagree with this Court's decision of March 30, 2010, this disagreement, without more, is certainly not a basis for granting reconsideration. A motion for reconsideration is not a chance for "a second bite at the apple." As such, the motions for reconsideration will be denied.

### B. Motions to Amend Complaint and to Add Defendants

On April 16, 2010, Plaintiff filed a motion to amend the original complaint (Doc. 42) and a motion to add defendants (Doc. No. 43). Along with the motion to amend the complaint, Plaintiff submits a proposed amended complaint. In reviewing Plaintiff's submissions, although they were not filed with the Court until April of 2010, they were clearly prepared by Plaintiff prior to the issuance of the Court's Memorandum and Order of March 30, 2010 ruling on Defendants' motion to dismiss.

In reviewing Plaintiff's motions he seeks to both: (1) now include allegations that could have been set forth in both the original complaint and the supplement thereto and (2) set forth allegations with respect to incidents occurring since the filing of the supplement to the

5

complaint.  For example, he sets forth allegations with respect to the destruction of a "civilian dress suit" that was in the black trash bag that accompanied him back from Cambria County. While there is no mention in either the original complaint or the supplement thereto regarding the suit, these documents set forth allegations with respect to legal documents in the trash bag that were allegedly confiscated by Defendants.  Other allegations set forth in the motion to amend that should have been included in the original complaint and/or supplement thereto include a claim of retaliation in 2008 by Defendant Burns and proposed new defendants; subsequent retaliatory misconduct by Miller and a proposed new defendant; mail interference by proposed new defendants; interference by proposed new defendants in his Cambria County trial; and an alleged conspiracy with respect to the confiscation of his dress suit by Defendants and a proposed new defendant.

Plaintiff also seeks to add allegations with respect to events that occurred subsequent to his filing of the original complaint and the supplement thereto.  These claims include retaliation by new defendants who destroyed Plaintiff's religious items, discrimination by a new defendant with respect Plaintiff's housing classification, and conspiracy to confiscate notes Plaintiff had made with respect to the filing of the instant motion to amend.

It is clear that Plaintiff seeks to both amend and further supplement the standing complaint and supplement thereto.  It is within the sound discretion of the Court whether to grant or deny a motion for leave to amend a pleading or file a supplemental pleading.  See Nottingham v. Peoria, 709 F. Supp. 542, 544 (M.D. Pa. 1988).  Leave to amend should be freely given "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962).

Plaintiff's request to amend his pleadings will be denied for the following reasons. First, it is clear that the amendment would needlessly delay this action, especially in light of the fact that many of the allegations, such as with respect to the civilian dress suit, could easily have been set forth either at the time of the filing of the original complaint, or at the time the complaint was previously supplemented.[4] Plaintiff was previously given the opportunity to amend his complaint on February 17, 2009. (Doc. No. 8.) Instead, he submitted a proposed supplement to the complaint which was accepted by the Court in addition to the original complaint. Further, many of the proposed claims in the instant motion to amend are set forth against new defendants concerning events that occurred prior to the filing of the supplement. Plaintiff offers no explanation as to why these claims could not have been brought in either the original complaint or supplement. As such, any request to amend the complaint at this time will be denied.

To the extent Plaintiff seeks to further supplement his complaint, his motion will also be denied. Fed. R. Civ. P. 15(d) addresses the matter of supplemental pleadings when a party seeks to set out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The factors to be considered in deciding whether to permit supplementation pursuant to Rule 15(d) are clearly set forth in Nottingham, 709 F. Supp. at 544, and include the

---

[4] Plaintiff has also filed a separate motion in this action specifically seeking to add the claim with respect to the destruction of his civilian dress suit. (Doc. No. 60.) This motion will be denied as duplicative in that the same argument is contained in Plaintiff's motion to amend and addressed by the Court in response to said motion.

promotion of a justiciable disposition of the case, the delay or inconvenience the allowance of such a pleading will cause, and the prejudice to the rights of the parties to the action.

The court finds that the delay and inconvenience in allowing further supplementation at this time to add new claims and fourteen (14) new defendants would certainly be prejudicial and needlessly delay the resolution of this matter. Plaintiff has supplemented the complaint once with allegations occurring after the filing of the original complaint. In reviewing the proposed supplemental claims, many of the allegations are with respect to events occurring well after those in the original complaint and first supplement thereto, and not related to said claims. Further, there is little if any prejudice to Plaintiff in denying his request in that he can pursue these claims in a new civil action if he so desires. As such, his request to further supplement the complaint will also be denied. An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAD B. DICKSON, | : | CIVIL NO. 1:CV-09-0195 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| JAMES McGRADY, et al., | : | |
| Defendants | : | |

## ORDER

**AND NOW,** this 18th day of February 2011, in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's "Traverse" (Doc. No. 45) is construed to be a reply to Defendants' answer to the complaint. The Clerk of Court is directed to **strike** Plaintiff's filing from the record, and return the document to him.

2. Plaintiff's motions for reconsideration (Doc. Nos. 44, 56) are **denied**.

3. Plaintiff's motion to amend the complaint (Doc. No. 42) is **denied**.

4. Plaintiff's motion to add defendants (Doc. No. 43) is **denied**.

5. Plaintiff's motion for order (Doc. No. 60) is **denied as duplicative**.

6. All discovery in this case shall be completed by the parties within sixty (60) days of this order. Dispositive motions, if any, shall be filed within thirty (30) days from the close of discovery.

_s/ Yvette Kane_____
YVETTE KANE, Chief Judge
Middle District of Pennsylvania