**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHAD B. DICKSON,** | : | **CIVIL NO. 1:CV-09-0195** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **JAMES McGRADY, et al.,** | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

Chad B. Dickson ("Dickson"), an inmate confined at the State Correctional Institution at

Retreat ("SCI-Retreat"), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983.

The matter proceeds on the original complaint and a supplement thereto.  (Doc. Nos. 1, 9.)

Named as Defendants are James McGrady, Superintendent at SCI-Retreat, and seven additional

SCI-Retreat employees.[1]  In the complaint, Dickson sets forth allegations of denial of access to

the courts, and retaliation in the form of intrusive cell searches and the issuance of false

misconduct charges.  On March 30, 2010, a motion to dismiss the complaint filed by Defendants

was granted in part and denied in part.  (Doc. No. 40.)  The motion was granted with respect to

all claims set forth against Defendants in their official capacities and all claims set forth against

Defendant McGrady.  The motion was further granted with respect to all claims set forth against

the remaining Defendants with the exception of the access to the courts claim pertaining to

Defendants' confiscation of Plaintiff's legal materials which prevented him from litigating his

criminal matter in Cambria County.  Defendants' motion was denied with respect to this claim,

and it is the only remaining claim in this action and proceeds against all Defendants with the

---

[1]  These Defendants are Correctional Officers Miller, Lanning, Hall, Novak and
Sweeney, Sergeant Burns and Lieutenant Pall.

exception of McGrady.  Before the Court for consideration are several discovery-related motions filed by Plaintiff (Doc. Nos. 91, 96, 107 and 111), as well as Plaintiff's motion for temporary restraining order.  (Doc. No. 109.)

## I.    Background[2]

In the complaint Dickson alleges that Defendant Miller confiscated his legal papers, which included a legal discovery packet relevant to his criminal trial held in Cambria County, Pennsylvania, on March 12 and 13, 2008.  Miller is alleged to have engaged in this activity because he is a party in the Cambria County case.  Dickson states that because of Miller's actions he was unable to use the confiscated papers as evidence in his pro se trial.  Dickson further alleges that Miller gave orders to Defendant Hall to conduct cell searches to remove specific legal papers.  (Doc. No. 1, Compl. at 2.)  The confiscated papers were thereafter given to Defendants Miller and Pall.  Defendants Pall, Sweeney, Novak and Lanning are also alleged to have confiscated Dickson's legal papers, and to have provided them to Miller.  (Id.)

Dickson also claims that every time he sent documents to the law library for copying, Defendant Burns would provide the documents to Miller.  It would take 24-72 hours for the papers to be returned to Dickson, and some of the papers would be missing.   He claims that Defendant Lanning had a large black trash bag filled with his legal work, papers and discovery from his Cambria County trial, and that he wrote a confiscation slip that referenced some of these legal documents.

Based on the foregoing, Dickson claims that Defendants' actions interfered with his legal research and his attempts to present his trial in Cambria County.  (Id. at 3.)  As a result, he

---

[2]  Only those alleged facts relevant to the remaining claim will be set forth.

alleges he was unable to present an adequate defense, and was convicted and sentenced to a term of incarceration.  (Doc. 9, Suppl. Compl. at 1.)  Dickson requests both injunctive and compensatory relief.

Following the Court's ruling on Defendants' motion to dismiss, an answer to the remaining claim was filed by Defendants, and the parties began to engage in discovery.  On February 18, 2011, an order was issued directing that all discovery be completed by April 18, 2011, and any dispositive motions filed by May 18, 2011.  (Doc. No. 70.)  On April 7, 2011, Defendants' motion to extend these deadlines was granted.  (Doc. No. 83.)  All discovery was directed to be completed by May 9, 2011, and any dispositive motions filed on or before June 9, 2011.  Thereafter, on April 8, 2011, Defendants moved for an extension of time to conduct Dickson's deposition.  An order was issued on April 11, 2011, granting the request and extending the discovery deadline until May 14, 2011.  (Doc. No. 86.)  The parties were further advised that any dispositive motions were due to be filed on or before June 14, 2011.

On June 3, 2011, Dickson filed a document entitled "Motion to Compel."  (Doc. 91.)  A brief in support of the motion has never been submitted despite Dickson being granted an enlargement of time within which to do so.[3]  (Doc. No. 95.)  On June 24, 2011, Dickson filed a "Motion for Order" along with a brief in support of the motion.  (Doc. Nos. 96, 97.)  Defendants have filed opposition to this motion.  (Doc. No. 98.)

On September 1, 2011, Dickson filed a "Motion to Entertain the Re-filing or Motion for Discovery and Brief as per the Court's order of 7/15/11" (Doc. 107), and a motion for temporary

---

[3] Dickson has submitted several letters claiming that a fellow inmate mailed the brief on Plaintiff's behalf because he had no funds for postage.

3

restraining order (Doc. No. 109).  These motions are fully briefed.  On the same date, he also

filed a Renewed Motion to Compel Discovery (Doc. No. 111).

## II.     Discussion

### A.     Discovery-related motions

On June 3, 2011, Dickson filed a motion to compel discovery (Doc. No. 91).  No

supporting brief was submitted, even after the Court granted Dickson an enlargement of time

within which to do so.  For these reasons, this motion will be deemed withdrawn pursuant to

M.D. Pa. Local Rule 7.5.[4]   Also pending are Plaintiff's "Motion for Order" (Doc. No. 96) ,

"Motion to Entertain the Refiling of a Motion for Discovery" (Doc. No. 107) and "Renewed

Motion to Compel Discovery" (Doc. No. 111).

In reviewing these filings, the Court finds that Dickson's motion for order appears to be

an attempt to collaterally attack responses Defendants submitted to discovery requests without

filing a formal motion to compel discovery and an appropriate brief in support thereof.  As such,

it will be denied, but without prejudice in light of the following.  Dickson subsequently filed a

motion requesting permission to refile/file a motion to compel discovery (Doc. No. 107) and,

thereafter, an actual motion to compel discovery with a brief in support thereof.  (Doc. No. 111.)

The request to file the motion to compel will be granted to the extent that Dickson's renewed

motion to compel filed on September 1, 2011, will be accepted by the Court and Defendants will

---

[4]  While Dickson has submitted several letters claiming that he had no funds and, as such,
had a fellow inmate mail the brief for him, the fact remains that the Court never received a brief
in support of this motion.  (Doc. Nos. 99-106.)

be directed to respond thereto within fourteen (14) days.[5]  Following resolution of the motion to

compel, a dispositive motions deadline will be imposed in this case.

### B.        Motion for temporary restraining order

Also pending is Dickson's motion seeking the issuance of a temporary restraining order.

(Doc. No. 109.)  In support of his request, he argues that since the filing of this action he has one

problem after another with "the people at SCI-Retreat."  (Doc. No. 109 at 1-2.)  He claims that

his court access and matters related to this litigation are hindered including his access to the law

library and his mail.  He further argues that his legal notes and files are confiscated at times as

well.  He seeks to be transferred to a different prison pending the outcome of this litigation.

Dickson states that he is presently pursuing a lawsuit he filed with respect to some of these

issues in the Pennsylvania state court system.

An injunction is an "extraordinary remedy" that is never awarded as of right.  Winter v.

Natural Resources Defense Council, __ U.S. __, 129 S. Ct. 365, 375, 172 L. Ed. 2d 249 (2008).

The Third Circuit Court of Appeals has outlined four factors that a court ruling on a motion for a

preliminary injunction must consider: (1) whether the movant has shown a reasonable

probability of success on the merits; (2) whether the movant will be irreparably injured by denial

of the relief; (3) whether granting preliminary relief will result in even greater harm to the

---

[5]  In this Memorandum, Dickson's original motion to compel is deemed withdrawn
because he failed to file a brief in support of the motion.  Federal policy favors broad discovery
in civil rights action, which "should be resolved by a determination of the truth rather than a
determination that the truth shall remain hidden."  See Inmates of Unit 14 v. Rebideau, 102
F.R.D. 122, 128 (N.D. N.Y. 1984).  Only one claim remains in this action that survived
Defendants' motion to dismiss.  The Court will allow Dickson to proceed on his renewed motion
to compel in an effort to equitably resolve any discovery dispute and move this case toward
eventual resolution.

nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Rogers v. Corbett, 468 F.3d 188, 192 (3d Cir. 2006); Crissman v. Dover Downs Entertainment Inc., 239 F.3d 357, 364 (3d Cir. 2001); see also United States v. Bell, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003). These same factors are used to determine a motion for a temporary restraining order. Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D. Pa. 1994). It is the moving party that bears the burden of satisfying these factors. Adams v. Freedom Forge Corp., 204 F.3d 475, 486 (3d Cir. 2000). While each factor need not be established beyond a reasonable doubt, they must combine to show the immediate necessity of injunctive relief. Stilp v. Contino, 629 F. Supp. 2d 449, 457 (M. D. Pa. 2009), citing Swartzwelder v. McNeilly, 297 F.3d 228, 234 (3d Cir. 2002).

The moving party must produce evidence sufficient to convince the court that all four factors favor injunctive relief, and the court must endeavor to balance all four factors; however, as a practical matter, likelihood of success on the merits and irreparable injury are the most important factors. See Am. Tel. & Tel. Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421, 1427 & n. 8 (3d Cir. 1994).

To establish a reasonable probability of success on the merits, the moving party must produce sufficient evidence to satisfy the essential elements of the underlying cause of action. See Punnett v. Carter, 621 F.2d 578, 582-83 (3d Cir. 1980); McCahon v. Pa. Tpk. Comm'n, 491 F. Supp. 2d 522, 527 (M.D. Pa. 2007). In determining whether success is likely, the court must look to the legal principles controlling the claim and the potential defenses available to the opposing party. See BP Chems. Ltd. v. Formosa Chem. & Fibre Corp., 229 F.3d 254, 264 (3d Cir. 2000).

First, in his motion Dickson clearly attempts to set forth new claims against "people at

SCI-Retreat" who may not even be named as defendants in the pending action.  This is not the

proper basis for a motion for a temporary restraining order.  Rather, Dickson has the ability to

file a new lawsuit to raise these claims.  Further, to the extent Dickson attempts to raise an access

to the courts claim, while an  inmate has the right to access the courts to petition for redress of

grievance, the inmate must demonstrate that he or she suffered an actual injury as a result of the

denial.  Lewis v. Casey, 518 U.S. 343 (1996).  The inmate must describe the underlying cause of

action in the complaint that was frustrated, as well as the acts taken by Defendants to frustrate

the access to the court.  See Christopher v. Harbury, 536 U.S. 403 (2002).  In his motion Dickson

does not demonstrate that he has suffered any actual injury with respect to this pending lawsuit,

let alone describe the nonfrivolous nature of the proceedings.[6]  In addition, Dickson states that he

is currently pursuing some of the issues raised in his motion for temporary restraining order in

the Pennsylvania state courts, clearly indicating that he is not at risk of suffering irreparable

harm if his motion is not granted.   To the extent Dickson would prefer to be transferred to a

different prison while he litigates the above-captioned action, it is well-established that inmates

have no right to be incarcerated in any particular prison.  See Meachum v. Fano, 427 U.S. 215,

224-25 (1976); Montanye v. Haymes, 427 U.S. 236 (1976).   For these reasons, the instant

motion will be denied.   An appropriate order follows.

---

[6]  In fact, a review of the docket in this action reveals that Dickson has been actively
litigating this case and does not appear to be the least bit hindered in his efforts to do so.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHAD B. DICKSON,** | : | **CIVIL NO. 1:CV-09-0195** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **JAMES McGRADY, et al.,** | : | |
| **Defendants** | : | |

## ORDER

   **AND NOW,** this 11th day of April, 2012, in accordance with the accompanying

Memorandum, **IT IS HEREBY ORDERED THAT:**

   1.   Plaintiff's motion to compel (Doc. No. 91) is **deemed withdrawn** for
        failure to file a brief in support thereof in accordance with M.D. Pa. Local
        Rule 7.5.

   2.   Plaintiff's motion for order (Doc. No. 96) is **denied without prejudice**.

   3.   Plaintiff's motion to entertain the refiling or the filing of a motion to compel
        discovery (Doc. No. 107) is **granted** to the extent that the Court will entertain the
        motion to compel discovery filed by Plaintiff on September 1, 2011.

   4.   Within fourteen (14) days from the date of this order, Defendants shall file their
        brief in opposition to Plaintiff's motion to compel.

   5.   Plaintiff's motion for temporary restraining order (Doc. No. 109) is **denied**.


                              S/ Yvette Kane
                              YVETTE KANE, Chief Judge
                              Middle District of Pennsylvania