IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHAD B. DICKSON,** | : | CIVIL NO. 1:CV-09-0195 |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **JAMES McGRADY, et al.,** | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

Before the Court is a renewed motion to compel discovery filed by Chad B. Dickson ("Dickson"), the plaintiff in the above civil rights action filed pursuant to 42 U.S.C. § 1983. The matter proceeds on the original complaint and a supplement thereto. (Doc. Nos. 1, 9.) Named as Defendants are James McGrady, Superintendent at SCI-Retreat, and seven additional SCI-Retreat employees.[1] Following resolution of Defendants' motion to dismiss, the only remaining claim is Dickson's access to the courts claim pertaining to Defendants' confiscation of his legal materials which prevented him from litigating his criminal matter in Cambria County, Pennsylvania. This claim proceeds against all Defendants, with the exception of Defendant Grady who has been dismissed from this matter. (Doc. No. 40.) For the reasons that follow, the motion to compel discovery will be granted in part and denied in part. In addition, a deadline for the filing of dispositive motions will be imposed.

**I.     Background**

Dickson maintains that Defendant Miller confiscated his legal papers, including a legal discovery packet relevant to his criminal trial held in Cambria County, Pennsylvania, on March

---

[1] These Defendants are Correctional Officers Miller, Lanning, Hall, Novak and Sweeney, Sergeant Burns and Lieutenant Pall.

12 and 13, 2008. According to Dickson, Miller engaged in this conduct because he is a party in the Cambria County case. Due to Miller's actions, Dickson claims he was unable to use the confiscated papers to prepare for, and as evidence in, his pro se county trial. (Doc. No. 1, Compl. at 2.) He further alleges that Miller gave orders to Defendant Hall to conduct cell searches to remove specific legal papers, which in turn were provided to Defendants Miller and Pall. Defendants Pall, Sweeney, Novack and Lanning are also alleged to have confiscated Dickson's legal papers, and to have provided them to Miller. (Id.)

Dickson further alleges that when he would send documents to the law library for copying, Defendant Burns would provide the documents to Miller. When the papers were returned to Plaintiff 1-3 days later, some of them would be missing. It is also alleged that Defendant Lanning had a trash bag filled with legal work, papers and discovery from Plaintiff's Cambria County trial, and that he wrote a confiscation slip referencing only some of these documents. Based upon the foregoing, Plaintiff claims that Defendants interfered with his legal research and his attempts to present an adequate defense in his Cambria County criminal trial. He states that this conduct resulted in his conviction and sentence of incarceration. (Doc. 9, Suppl. Compl. at 1.)

On April 11, 2012, the Court issued a Memorandum and Order addressing several discovery-related motions that were pending on the docket at the time. (Doc. No. 126.) The original scheduling order issued in this case directed that all discovery be completed on or before April 18, 2011, with any dispositive motions to be filed by May 18, 2011. (Doc. No. 70.) At Defendants' request, these deadlines were enlarged on two occasions resulting in a discovery deadline of May 14, 2011, and dispositive motions due on or before June 14, 2011. In the

decision of April 11, 2012, the Court accepted a renewed motion to compel discovery filed by Dickson on September 1, 2011, and directed the Defendants to respond thereto. The parties were further advised that following the resolution of said motion, a new dispositive motions deadline would be imposed. The renewed motion to compel is fully briefed, and presently before the Court for consideration.

Plaintiff states that he has served Defendants with a total of three (3) sets of Interrogatories, two (2) sets of Requests for Production of Documents, and three (3) sets of Requests for Admissions. In the pending renewed motion to compel, he sets forth three (3) issues. He first argues that Defendants have failed to respond to his third set of Interrogatories and his third Request for the Production of Documents. He contends that he submitted the requests by May 13, 2011, and thus timely, but that they were returned to him in the mail for insufficient postage. He claims he remailed them to Defendants on June 14, 2011, and argues that he cannot be held accountable for the timeliness of the mail service.

Plaintiff next challenges Defendants' responses to his second set of Requests for Admissions. Defendants challenged the Requests on the basis that several of them were duplicative of Plaintiff's first set of Requests for Admissions, and also because they constituted interrogatory questions seeking answers, rather than requests calling for Defendants to either admit or deny. Finally, Plaintiff challenges Defendants' responses to ten (10) questions set forth in his first set of Interrogatories. The Court will address each of these arguments.

### III. Applicable Legal Standards

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines both the scope and limitations governing the use of discovery in a federal civil action:

> (1) Scope in General.  Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1).

Fed. R. Civ. P. 37 addresses the matter of failure to make disclosures or to cooperate in discovery and the possibility of sanctions.  Specifically, if a party served with discovery fails to respond adequately, the serving party may file a motion to compel under Rule 37(a).  Issues relating to the scope of discovery permitted under the Rules rest in the sound discretion of the court.  Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987).  A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion.  Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).  This discretion is guided, however, by certain basic principles.  One crucial component of the court's discretion is that the court must set schedules for the completion of discovery.  When a party fails to abide by those schedules the court has the right, and the duty, to impose sanctions for that failure.  Those sanctions may, in the discretion of the court, include declining a party's request to compel compliance with untimely and improper discovery demands.  As such, where a party has submitted an untimely request, the court can, and in the exercise of its discretion often should, refuse to compel compliance with that request.  See, e.g., Maslanka v. Johnson & Johnson, 305 F. App'x 848 (3d Cir. 2008)(affirming denial of pro se litigant motion to compel where

discovery demands were untimely); Oriakhi v. United States, 165 F. App'x 991 (3d Cir. 2006)(same); Bull v. United States, 143 F. App'x 468 (3d Cir. 2005) (same).  These benchmark standards will now be applied to Plaintiff's pending motion to compel discovery.

IV.    Discussion

    A.    **Second/Third Sets of Interrogatory Questions and Requests for the Production of Documents and Third Set of Request for Admissions**

The last scheduling order issued in this case imposed a discovery deadline of May 14, 2011, and the filing of dispositive motions by June 14 , 2011.  (Doc. No. 86.)  Plaintiff seeks to compel Defendants to respond to discovery requests dated May 13, 2011, a day before the close of the discovery period.  These requests were not served upon Defendants until June 22, 2011, and returned by Defendants to Plaintiff with a letter the following day stating that the discovery period had expired on May 14, 2011, and they would not be providing responses to said requests for that reason.  (Doc. No. 127, Ex. A, 6/23/11 Correspondence.)

Plaintiff does not dispute that the discovery requests were not served upon Defendants until late June of 2011.  Rather, he contends that when he initially attempted to serve the requests, they were returned to him on June 14, 2011, "due to postage."  Regardless of the fact that Plaintiff did not even attempt to serve such requests until the day before the discovery deadline, Plaintiff fails to explain why it would have taken a month for the requests to be returned to him due to improper postage.  Upon receiving the documents back, Plaintiff redated and remailed them to Defendants.

First, even if the discovery requests in issue had been prepared and served on May 12, 2011, this would not have been appropriate in that it clearly would have been impossible for Defendants to respond to said requests within the period of time imposed by this Court for the

completion of discovery. The discovery period expired the following day, May 14, 2011. More importantly, even assuming that Plaintiff did, in fact, initially attempt to serve his requests on May 13, 2011, as inappropriate as it was, it is suspect that it took a month for said documents to be returned to him for improper postage. Even still, once Plaintiff received the unserved documents on June 14, 2011, a month outside of the Court's discovery deadline, he failed to seek leave from the Court, <u>Nunc</u> <u>pro</u> <u>tunc</u>, to reopen the discovery period. This case has been pending for quite some time and discovery has been ongoing for over a year and a half. Plaintiff has had plenty of opportunity to serve Defendants with timely discovery requests and has, in fact, done so. To permit further discovery at this juncture, particularly where many of the requests are repetitive of earlier requests, would be inappropriate and not in the interests of justice. Accordingly, the motion to compel responses to the Second/Third Set of Interrogatories and Requests for Production of Documents and the Third Set of Requests for Admissions will be denied.

### B.     Second Set of Requests for Admissions

Defendants object to Plaintiff's Second Set of Requests for Admissions as not properly constituting a request to admit the truth of any matters within the scope of Rule 26(b)(1). Rather, Defendants maintain that the requests actually constitute interrogatories, and in some cases are duplicative of the requests contained in Dickson's First Set of Request for Admissions. In responding to Plaintiff's motion to compel, Defendants submit a complete copy of both the Second Set of Request for Admissions and their responses thereto. (Doc. No. 127, Exhibit B.)

In challenging Defendants' objections to these requests in his brief in support of the pending motion to compel, Dickson acknowledges that his discovery requests were improper. In

fact, in the brief he attempts to amend his requests by rewording them in such a fashion that they can either be admitted or denied.  With this said, Defendants agree to respond to the requests, as reworded.   Defendants suggest that Dickson request leave of Court to resubmit properly framed requests.  However, in the interests of time, the Court will grant such leave herein and direct Defendants to respond to the requests as reworded in Plaintiff's Amended Brief in Support of his pending motion to compel.  (Doc. No. 113.)  Defendants shall provide responses to Dickson within twenty (20) days.

        C.      **First Set of Interrogatory Questions**

Finally, Dickson challenges Defendants' responses/objections to certain questions contained in the First Set of Interrogatories.  He specifically challenges interrogatory questions #1 through #6, #8 and #9 through #11.  In responding to the motion to compel, Defendants attach a complete copy of the First Set of Interrogatories and their responses/objections thereto.  (Doc. No. 127, Ex. C.)

In questions #1-#6, Dickson asks Defendants to state the duties of each of the Defendants while they were employed at SCI-Retreat.  In response, Defendants invite him to schedule an appointment to review the job descriptions for each Defendant by submitting a DC-135A form to the Superintendent's Assistant.  DIckson is further advised that he will have the option to obtain copies of the documents at his expense.  The Court finds that this is an appropriate and sufficient response to these questions, and the motion to compel will be denied with respect to Interrogatories #1-#6.

In Interrogatory #8, Dickson asks that Defendants "state and provide any documents or written reports related to the litigation of confiscation of U.S. mail, personal and legal and on

any legal papers period." (Id. at 3.) Defendants object to this question on the basis that it is overbroad, burdensome and specifies no time period or particular prison. The Court agrees with Defendants, but will direct them to respond to the question to the extent that it relates to the confiscation of Plaintiff's mail, personal and legal, at SCI-Retreat during the time period from October of 2007 through March 13, 2008.

In Interrogatory #9, Plaintiff desires to know the procedure in effect from October 2008 through January 2009 at SCI-Retreat for responding to, investigating, and deciding inmate grievances, and the policies and procedures with respect to the confiscation of legal papers sent through the mail or from an inmate's person. In response, Defendants initially object to the request for information about a time period that is not relevant to the remaining claim in this case. However, without waiving said objection, advises Plaintiff of the prison policies relevant to his inquiries. He is advised that DC-ADM 804, entitled "Inmate Grievance System" is available on all housing units and in the prison library. In addition, he is told he can schedule an appointment to review said policy by submitting a DC-135A form to the Superintendent's Assistant at SCI-Retreat. He is further advised that he can schedule an appointment to review documents relevant to his inquiry (the Inmate Handbook /"Contraband" section, DC-ADM 203, DC-803 and DC-ADM 815) by scheduling an appointment with the Superintendent's Assistant. Merely because Plaintiff argues that these policies do not provide him with the answers he is searching for does not mean that the responses are inadequate. As such, the motion to compel will be denied with respect to this interrogatory.

In Interrogatory #10, Dickson asks Defendants to state and provide any and all documents regarding the withholding of his "legal mail, papers and discovery papers" with

respect to his Cambria County case. He further asks Defendants to state what actions were taken during and after the incidents. Defendants object to the interrogatory as overbroad, unduly burdensome and seeking information that is irrelevant.

As Defendants correctly point out, the only remaining claim in this matter is Plaintiff's assertion that he was denied access to the courts when his legal materials were confiscated and prevented him from preparing and presenting a defense at his Cambria County criminal trial held on March 12 and 13, 2008. As such, any requested information to the extent it is unrelated to the Cambria County case, or to the extent it seeks information after March 12, 2008, is not relevant and/or overbroad and unduly burdensome. In addition, the Court agrees with Defendants that Dickson should be in possession of any grievances/appeals and responses thereto with respect to the remaining claim in this action, as well as copies of any confiscation receipts. Defendants further maintain that any relevant information sought in this interrogatory is duplicative of the information sought in his Request for Production of Documents #1. In responding thereto, Defendants state they have already advised Plaintiff that he may schedule an appointment to review the following responsive documents: (1) Grievance #224995 regarding the confiscation of legal material upon his return from the Cambria County trial, as well as Grievances # 210778, #211815, #211993, #214024, #225820; (2) a December 27, 2007 DC-135A Inmate Request to Staff Member; (3) January 7, 2008 correspondence from Dickson to former Deputy Secretary Wakefield; (4) CIR A785789 and CIR A785707; (5) Misconducts A742184, A742196 and A847803; and (6) DC-141 forms relative to Administrative Custody (A783131, A770451 and A770453). (Doc. No. 127-4 at 1-2.) In further responding to Interrogatory #10, Defendants also inform Dickson that he can also schedule an appointment to

review correspondence from Patti Stover dated 5/8/08 and a DC 135A Inmate Request dated 8/8/08.  In light of the above, the Court finds that Defendants objections/response  to Interrogatory #10 is acceptable, and they will not be required to provide further response to the question.

The last interrogatory challenged by Dickson in the pending motion to compel is with respect to Defendants' response to Interrogatory #11.  Plaintiff requests that Defendants state and provide all reports/actions they took in interfering with his criminal pro-se trial in Cambria County.  Defendants state that no responsive documents have been identified in that they did not interfere with his trial, and that to the extent this interrogatory is seeking documentation requested in Request for Production of Documents #1, Dickson is directed thereto.  This answer is sufficient.   An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHAD B. DICKSON,** | : | CIVIL NO. 1:CV-09-0195 |
| **Plaintiff,** | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **JAMES McGRADY, et al.,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW,** this 18th day of September, 2012, in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion to compel (Doc. No. 111) is **granted in part and denied in part**. The motion is **granted only with respect to** Plaintiff's challenge to Interrogatory #8 in the First Set of Interrogatories and Plaintiff's Second Set of Requests for Admissions as set forth in the accompanying Memorandum. Defendants shall provide their responses to Plaintiff with respect to the above within twenty (20) days from the date of this order. The motion to compel is **denied in all other respects**.

2. Any dispositive motions may be filed by the parties on or before November 2, 2012.

        S/ Yvette Kane
        YVETTE KANE, Chief Judge
        Middle District of Pennsylvania