# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAD B. DICKSON, | : | CIVIL NO. 1:CV-09-0195 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| JAMES McGRADY, et al., | : | |
| Defendants | : | |

## **M E M O R A N D U M**

On September 18, 2012, the Court issued a Memorandum and Order in this civil rights action filed pursuant to 42 U.S.C. § 1983 addressing a motion to compel discovery filed by Plaintiff Chad B. Dickson ("Dickson"). Dickson is currently an inmate confined at the State Correctional Institution at Retreat ("SCI-Retreat"), Pennsylvania. The sole remaining claim in this action is Dickson's access to the courts claim pertaining to Defendants' confiscation of his legal materials which prevented him from litigating his criminal matter in Cambria County, Pennsylvania. This claim proceeds against the following SCI-Retreat employees: Captain Miller, Correctional Officers Lanning, Hall, Novak and Sweeney, Sergeant Burns and Lieutenant Pall. Another defendant, Superintendent McGrady, has been dismissed from this action. (Doc. No. 40.) Presently pending is Dickson's motion to strike responses provided by Defendants to his discovery requests as directed by the Court in the September 18, 2012 Memorandum and Order. (Doc. No. 138.) For the reasons that follow, the motion to strike will be denied, and Defendants directed to file their brief in opposition to Dickson's motion for summary judgment and brief in support of their motion for summary judgment within fourteen (14) days.

I.  **Background**

The standing complaint in this action consists of Documents 1 and 9. In the complaint,

Dickson maintains that Defendant Miller confiscated his legal papers, including a legal discovery packet relevant to his criminal trial held in Cambria County, Pennsylvania, on March 12 and 13, 2008. According to Dickson, Miller engaged in this conduct because he is a party in the Cambria County case. Due to Miller's actions, Dickson claims he was unable to use the confiscated papers to prepare for, and as evidence in, his pro se county trial. (Doc. No. 1, Compl. at 2.) He further alleges that Miller gave orders to Defendant Hall to conduct cell searches to remove specific legal papers, which in turn were provided to Defendants Miller and Pall. Defendants Pall, Sweeney, Novack and Lanning are also alleged to have confiscated Dickson's legal papers, and to have provided them to Miller. (Id.)

Dickson further alleges that when he would send documents to the law library for copying, Defendant Burns would provide the documents to Miller. When the papers were returned to Plaintiff 1-3 days later, some of them would be missing. It is also alleged that Defendant Lanning had a trash bag filled with legal work, papers and discovery from Plaintiff's Cambria County trial, and that he wrote a confiscation slip referencing only some of these documents. Based upon the foregoing, Plaintiff claims that Defendants interfered with his legal research and his attempts to present an adequate defense in his Cambria County criminal trial. He states that this conduct resulted in his conviction and sentence of incarceration. (Doc. 9, Suppl. Compl. at 1.)

On September 18, 2012, the Court issued an opinion with respect to a motion to compel responses to discovery filed by Dickson. (Doc. No. 132.) In the motion, Dickson set forth three (3) issues. He first argued that Defendants failed to respond to his third set of Interrogatories and his third Request for the Production of Documents. He next challenged Defendants' responses to

2

his second set of Requests for Admissions. Finally, he challenged Defendants' responses to ten (10) of the questions set forth in his first set of Interrogatories. In considering Dickson's claims, the Court found no merit to the first challenge. With respect to the second challenge regarding Dickson's second set of Requests for Admissions, the Court directed Defendants to respond to said requests as reworded by Dickson in his amended brief in support of the motion to compel. They were afforded twenty (20) days within which to do so.

In addressing Dickson's last claim challenging Defendants' responses to ten challenged Interrogatory questions, the Court found the responses provided to all questions to be sufficient, with the exception of #8. With respect to #8, Dickson requested Defendants to "state and provide any documents or written reports related to the litigation of confiscation of U.S. mail, personal and legal and on any legal papers period." Defendants objected to this question on the basis that it was overbroad, burdensome and specified no time period or particular prison. The Court agreed with Defendants, but directed them to respond to the question to the extent that it relates to the confiscation of Dickson's mail, personal and legal, at SCI-Retreat during the time period from October 2007 through March 13, 2008. Defendants were afforded twenty (20) days within which to do so.

Following the issuance of this order, Defendants filed a motion on October 9, 2012, seeking an extension of time to provide Dickson with the further responses to discovery as directed by the Court on September 18, 2012. The Court granted this motion, and afforded Defendants until October 19, 2012, to provide the responses. (Doc. No. 134.) Presently pending is a motion filed by Dickson seeking to strike the responses submitted by Defendants. (Doc. No. 138.)

**II.     Discussion**

In his motion to strike, Dickson maintains that the responses submitted by Defendants as directed by the September 18, 2012 order were untimely, unresponsive and inaccurate. He claims that the September 18, 2012 order directed Defendants' responses to be served on him within twenty (20) days, and they failed to do so. He also claims that the answers provided were not specific and that the verification was not signed by Defendant Burns, but rather by defense counsel.[1]

In responding to Dickson's motion to strike, Defendants correctly point out that they timely moved for, and were granted, an enlargement of time within which to submit their responses. The responses were thereafter timely submitted in accordance with the enlargement granted. Attached as an exhibit to Defendants' opposition to the motion to strike is a copy of the responses served on Dickson. (Doc. No. 141-1, Exs. A, B.) The certificates of service attached to the responses reveal that they were timely served on Dickson on October 9, 2012.[2] As such, the motion to strike is without merit to the extent the responses are challenged on the basis of timeliness.

Dickson also seeks to strike Defendants' responses on the basis that they are "not responsive whatsoever" and "don't provide the accurate information being sought." (Doc. No. 138 at 2.) In reviewing the responses submitted by Defendants to the reworded Requests for

---

[1] The Court finds any challenge by Dickson to defense counsel's signature on behalf of Defendant Burns on the verification attached to the discovery responses to be without merit pursuant to Fed. R. Civ. P. 26(g)(1).

[2] It appears that Dickson was not aware that Defendants had been granted an enlargement of time to submit their responses to discovery as ordered by the Court on September 18, 2012.

Admissions and Interrogatory 8, the Court finds that they are sufficient. In response to Interrogatory 8, Defendants object on the basis of attorney-client privilege. However, without waiving any such objection, Defendants answer that all responsive information has previously been provided to Dickson. They further state that if any further documentation or information is identified, they will supplement their response. The fact that Dickson may not have received the response he was hoping for with respect to his Interrogatory does not make the response inadequate or improper.

With respect to the responses provided by Defendants to the reworded Requests for Admissions, Defendants objected to most of the requests as duplicative of other discovery requests. Nevertheless, Defendants go on to admit or deny each request. Certainly these are adequate responses by Defendants. All other requests were either admitted or denied by Defendants. For these reasons, it is clear that Dickson's motion to strike lacks merit and, as such, will be denied. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAD B. DICKSON, | : | CIVIL NO. 1:CV-09-0195 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| JAMES McGRADY, et al., | : | |
| Defendants | : | |

## ORDER

**AND NOW,** this 24th day of June, 2013, in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion to strike (Doc. No. 138) is **denied**.

2. Within fourteen (14) days from the date of this order, Defendants shall file their brief, statement of material facts and evidentiary materials in support of their motion for summary judgment, as well as their opposition to Plaintiff's motion for summary judgment.

          S/Yvette Kane_____
          YVETTE KANE, Chief Judge
          Middle District of Pennsylvania